FILED

2015 Mar-02  PM 04:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

JWV/GAM: March 2015
Grand Jury # __11__

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CEDRIC DUANE RYANS** | ) |

## INDICTMENT

The Grand Jury Charges:

## Count One
## Conspiracy
## Title 18, United States Code, Section 371

At all times material to this Indictment:

1.   The City of Huntsville, Alabama, was a local government that received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee or other form of federal assistance during 2014.   The Huntsville Police Department was an entity of the City of Huntsville, Alabama, that was funded by the City of Huntsville through, among other means, federal grant funds in excess of $10,000 received by the City of Huntsville expressly for the benefit of the Huntsville Police Department.

1

2.   Lewis Bernard Hall was an agent of the City of Huntsville, Alabama, and the Huntsville Police Department because he was employed by the City of Huntsville, Alabama, as an officer of the Huntsville Police Department.

3.   Cooperating Officer was an agent of the City of Huntsville, Alabama, and the Huntsville Police Department because he was employed by the City of Huntsville, Alabama, as an officer of the Huntsville Police Department.

4.   On or about July 29, 2014, Cooperating Officer conducted a traffic stop of Individual A and, after finding approximately 3 ounces of cocaine during a search of the passenger compartment of Individual A's vehicle, took Individual A into custody.   Based on the cocaine found by Cooperating Officer during the search, Individual A was charged with trafficking in cocaine.

## THE CONSPIRACY

5.   From on or about July 29, 2014, and continuing until on or about December 8, 2014, the exact dates being unknown, within Madison County in the Northern District of Alabama, and elsewhere, defendant

## CEDRIC DUANE RYANS

knowingly and willfully conspired, combined, and agreed with Lewis Bernard Hall and others known and unknown to the Grand Jury to give, offer, or agree to give anything of value to Cooperating Officer with intent to influence or reward him in

connection with any business, transaction, or series of transactions of the City of

Huntsville, Alabama, and its Police Department involving anything of value of

$5,000 or more, in violation of Title 18, United States Code, Section 666(a)(2).

## MANNER AND MEANS OF THE CONSPIRACY

6.   It was a part of the conspiracy that defendant **CEDRIC DUANE**

**RYANS** and Lewis Bernard Hall would and did agree to offer money to

Cooperating Officer to obtain his assistance in making the criminal case based on

the seizure of cocaine from Individual A's vehicle go away.

7.   It was a further part of the conspiracy that Lewis Bernard Hall would

and did offer Cooperating Officer $5,000.00 if Cooperating Officer would inform

other law enforcement officers that his search of Individual A's vehicle was

unlawful so that the criminal case against Individual A would not be prosecuted.

8.   It was a further part of the conspiracy that defendant **CEDRIC DUANE**

**RYANS** would and did provide money to Lewis Bernard Hall to pay to

Cooperating Officer.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, the

conspirators committed and caused to be committed the following overt acts,

among others, in the Northern District of Alabama and elsewhere:

9.    On or about July 31, 2014, defendant **CEDRIC DUANE RYANS** and Lewis Bernard Hall communicated about offering money to Cooperating Officer to obtain his assistance in making the criminal case based on the seizure of cocaine from Individual A's vehicle go away.

10.   On or about July 31, 2014, defendant **LEWIS BERNARD HALL** offered Cooperating Officer $5,000.00 if he would report that his search of Individual A's vehicle was unlawful so that the criminal case against Individual A would not be prosecuted.

11.   On or about August 12, 2014, defendant **CEDRIC DUANE RYANS** gave cash to Lewis Bernard Hall to deliver to Cooperating Officer.

12.   On or about August 12, 2014, Lewis Bernard Hall delivered $1,000.00 cash to Cooperating Officer.

13.   On or about August 24, 2014, defendant **CEDRIC DUANE RYANS** gave cash to Lewis Bernard Hall to deliver to Cooperating Officer.

14.   On or about September 8, 2014, defendant **CEDRIC DUANE RYANS** and Individual A discussed the fixed case.

15.   On or about November 24, 2014, Lewis Bernard Hall confronted Cooperating Officer and told Cooperating Officer that he must stick to the story regarding the search of Individual A's vehicle.

16.    On or about November 25, 2014, Lewis Bernard Hall met with Cooperating Officer and reviewed what they would say when asked about the search of Individual A's vehicle.

All in violation of Title 18, United States Code, Section 371.

## Count Two
## Bribery
## Title 18, United States Code, Sections 666(a)(2) and 2

17.    The factual allegations of paragraphs 1 through 16 of this Indictment are realleged as though fully set forth herein.

18.    On or about July 31, 2014, within Madison County in the Northern District of Alabama, and elsewhere, defendant

### CEDRIC DUANE RYANS,

aided and abetted by others known and unknown to the Grand Jury, did corruptly offer and agree to give anything of value to any person, with intent to influence and reward an agent of the City of Huntsville, Alabama, and its Police Department, which received federal benefits in excess of $10,000 in a one-year period, in connection with any business, transaction, and series of transactions of the City of Huntsville, Alabama, and its Police Department involving anything of value of $5,000 and more, that is, defendant **CEDRIC DUANE RYANS** and others corruptly offered and agreed to give $5,000.00 to Cooperating Officer as a bribe

intending to influence and reward him in connection with the criminal case against Individual A.

All in violation of Title 18, United States Code, Sections 666(a)(2) and 2.

## Count Three
## Obstruction of Justice
## Title 18, United States Code, Section 1512(b)(3) and 2

19.   The factual allegations of paragraphs 1 through 16 of this Indictment are realleged as though fully set forth herein.

20.   From on or about July 30, 2014, and continuing to on or about December 8, 2014, within Madison County in the Northern District of Alabama, and elsewhere, defendant

**CEDRIC DUANE RYANS,**

aided and abetted by others known and unknown to the Grand Jury, did knowingly attempt to corruptly persuade Cooperating Officer by bribery with the intent to hinder, delay, and prevent communication to a law enforcement officer of information relating to the commission and possible commission of a federal offense and violation of conditions of supervised release by Individual A by offering and paying Cooperating Officer cash if he would report that his search of Individual A's vehicle was unlawful.

All in violation of Title 18, United States Code, Sections 1512(b)(3) and 2.

6

A TRUE BILL


/s/_____
Foreperson of the Grand Jury


                                        JOYCE WHITE VANCE
                                        UNITED STATES ATTORNEY



                                        /s/_____
                                        GEORGE A. MARTIN, JR.
                                        Assistant United States Attorney